UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAKUBOWSKI,<br><br>  Plaintiff,<br><br> v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>  Defendants. | Case No.: 1:23-cv-00897 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 12, 16) |

David Jakubowski is a civil detainee and seeks to hold the defendants liable for violations of his civil rights under the Fourteenth Amendment while housed at the Department of State Hospitals, Coalinga. (*See generally* Doc. 1.) Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff failed to state a claim upon which relief may be granted. (Doc. 12.)

The magistrate judge found Defendants' motion to dismiss Plaintiff's claim regarding the right to access adequate mental health treatment was premised on an incorrect legal standard. (Doc. 16 at 7.) The magistrate judge noted Defendants argued Plaintiff "failed to adequately plead the elements of an Eighth Amendment claim for deliberate indifference to serious medical needs," (*id.*) and found this is not the standard that applies to civilly committed detainees such as Plaintiff. (*Id.* at 7-9.) In addition, the magistrate judge observed that "none of the cases Defendants rely upon in their motion to dismiss involve civilly committed detainees—let alone those held under the [Sexually Violent Predator Act]."

(*Id.* at 9.) Because the cited authorities did not "address the rights of civil detainees," the magistrate judge found "they have no bearing on Plaintiff's claims." (*Id.* at 9.)

The magistrate judge also rejected Defendants' arguments regarding Plaintiff's second claim for the right to be free from punishment as a civil detainee. (Doc. 16 at 10-14.) The magistrate judge again found "Defendants' position is based on an erroneous legal standard" because Defendants maintained Plaintiff failed to show they acted with deliberate indifference. (*Id.* at 12.) Instead, the magistrate judge found "the substantive due process standard applies" to individuals such as Plaintiff. (*Id.* at 12-13, citing *Jones v. Blanas*, 393 F.3d 918, 931–32 (9th Cir. 2004).) Therefore, the magistrate judge recommended the Court deny Defendants motion to dismiss. (*Id.* at 14.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days. (Doc. 16 at 14.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Defendants filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated February 18, 2025 (Doc. 16) are **ADOPTED** in full.
2. Defendants' motion to dismiss (Doc. 12) is **DENIED**.
3. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 25, 2025**

UNITED STATES DISTRICT JUDGE

2